IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D.B. and K.B., h/w, | : | |
| individually and as parents of J.B., | : | |
| 423 S. Old Middletown Road | : | |
| Media, PA 19063 | : | |
| | : | |
| and | : | |
| | : | |
| J.B., a minor, | : | |
| 423 S. Old Middletown Road | : | |
| Media, PA 19063, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| | : | No. |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| BOROUGH OF MEDIA | : | |
| 301 N. Jackson Street | : | |
| Media, PA 19063 | : | |
| | : | |
| and | : | |
| | : | |
| BOARD OF DIRECTORS OF | : | |
| ROSE TREE MEDIA | : | |
| SCHOOL DISTRICT | : | |
| 308 N. Olive Street | : | |
| Media, PA 19063 | : | |
| | : | |
| and | : | |
| | : | |
| | : | |
| ROSE TREE MEDIA | : | |
| SCHOOL DISTRICT | : | |
| 308 N. Olive Street | : | |
| Media, PA 19063 | : | |
| | : | |
| and | : | |
| | : | |
| PENNCREST HIGH SCHOOL | : | |
| 134 Barren Road | : | |
| Media, PA 19063 | : | |
| | : | |

|                                                                 |     |
|-----------------------------------------------------------------|-----|
| and                                                             | :   |
|                                                                 | :   |
| **STEVEN SILVA**                                                | :   |
| **750 Unionville Road**                                         | :   |
| **Kennett Square, PA 19348**                                    | :   |
|                                                                 | :   |
| and                                                             | :   |
|                                                                 | :   |
| **ALISA HERMAN-LIU,**                                           | :   |
| **134 Barren Road**                                             | :   |
| **Media, PA 19063**                                             | :   |
|                                                                 | :   |
| and                                                             | :   |
|                                                                 | :   |
| **JOHN AND JANE DOE (1),**                                      | :   |
| **individually and as parents/legal**                          | :   |
| **guardians of minor Defendant J.H.,**                         | :   |
| **c/o Gabrielle C. Goham, Esq.,**                              | :   |
| **Raffaele Puppio**                                             | :   |
| **19 W. 3rd Street**                                            | :   |
| **Media, PA 19063**                                             | :   |
|                                                                 | :   |
| and                                                             | :   |
|                                                                 | :   |
| **J.H., a minor,**                                              | :   |
| **c/o Gabrielle C. Goham, Esq.,**                              | :   |
| **Raffaele Puppio**                                             | :   |
| **19 W. 3rd Street**                                            | :   |
| **Media, PA 19063**                                             | :   |
|                                                                 | :   |
| and                                                             | :   |
|                                                                 | :   |
| **C.M., AND JOHN DOE (2),**                                     | :   |
| **individually and as parents/legal**                          | :   |
| **guardians of minor Defendant A.H.,**                         | :   |
| **11 Northgate Village**                                        | :   |
| **Media, PA 19063-2040**                                        | :   |
|                                                                 | :   |
| and                                                             | :   |
|                                                                 | :   |
| **A.H., a minor,**                                              | :   |
| **11 Northgate Village**                                        | :   |
| **Media, PA 19063-2040**                                        | :   |
|                                                                 | :   |
| **Defendants.**                                                 | :   |

_____

**COMPLAINT**
**Jurisdiction and Venue**

1.      This action is brought pursuant to 42 U.S.C. §12101 et. seq. and 42 U.S.C. § 1983. Jurisdiction over this cause of action is based upon 28 U.S.C. §§ 1331, 1343 and 1367 and the aforementioned statutory provisions thereof.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events or a substantial part of the events that give rise to Plaintiffs' A.D.A. and civil rights claims occurred in the Eastern District of Pennsylvania.

**Parties**

3.      Plaintiffs D.B. and K.B., h/w, are adult individuals and at any and all times relevant were and are residents of Pennsylvania located at 423 S. Old Middletown Road, Media, PA 19063, and are the parents of minor Plaintiff J.B., *infra*.

4.      Minor Plaintiff J.B. is the minor child of Plaintiffs D.B.  and K.B., and as of the date of this filing, is seventeen (17) years old, and whom at any and all times relevant suffered and suffers from Autism, and Asperger's Syndrome.

5.      Defendant Borough of Media is a municipal government unit under the laws of the Commonwealth of Pennsylvania, a "person" under 42 U.S.C. § 1983 et. seq., and from its main offices at 301 N. Jackson Street, Media, PA 19063, owns, operates, manages, directs and/or controls the Defendant Board of Rose Tree Media School District, *infra*, and/or Defendant Rose Tree Media School District, *infra*, and/or Defendant Penncrest High School, *infra*.

6.      Defendant Board of Rose Tree Media School District (hereinafter "Defendant Board") owns, operates, manages, directs and/or controls Defendant Rose Tree Media School District, *infra,* pursuant to 24 P.S. § 201, and/or at any and all times relevant was acting under color of state law in the performance of its duties, including but not limited to providing a program of public education to serve the needs of the students of the Commonwealth of Pennsylvania (such as minor Plaintiff J.B. herein) pursuant to 24 P.S. § 501 et. seq., and/or providing a safe, educational environment for the students within its care (such as Plaintiff J.B. herein), and is located at 308 N. Olive Street, Media, PA 19063, and/or is a "person" under 42 U.S.C. § 1983 et. seq.  At any and all times relevant, Defendant Board owned, operated, managed, directed and/or controlled Defendant Rose Tree Media School District and Defendant Penncrest High School, *infra*.

7.      Defendant Rose Tree Media School District (hereinafter "Defendant RTMSD") is a school district of the second class in Pennsylvania pursuant to 24 P.S. § 202, and/or is organized for the purpose of providing a program of public education to serve the needs of the students of the Commonwealth of Pennsylvania (such as minor Plaintiff J.B. herein) pursuant to 24 P.S. § 501 et. seq., and/or is charged with the responsibility of providing a safe, educational environment for the students within its care (such as minor Plaintiff J.B. herein), and is located at

308 N. Olive Street, Media, PA 19063, and/or is a "person" under 42 U.S.C. § 1983 et. seq.   At any and all times relevant, Defendant RTMSD owned, operated, managed, directed and/or controlled Defendant Penncrest High School, *infra*.

8.      Defendant Penncrest High School (hereinafter "Defendant Penncrest") is a high school located at 134 Barren Road, Media, PA 19063, which at any and all times relevant was a wholly owned, operated, managed, directed and/or controlled subsidiary of Defendant RTMSD, *supra*, and/or at any and all times relevant was charged with the responsibility of providing a safe, educational environment for the students within its care (such as minor Plaintiff J.B. herein), and at any and all times relevant received federal assistance for the public educational services and activities which Defendant Penncrest provided to students such as minor Plaintiff J.B., and/or is a "person" under 42 U.S.C. § 1983 et. seq.

9.      Defendant Steven Silva was, at any and all times relevant, acting under the color of state law as the principal and/or assistant principal at Defendant Penncrest High School, and was acting under color of state law in the performance of his duties to provide a safe, educational environment for the high school students within his care (such as minor Plaintiff J.B. herein). Defendant Silva is currently the Assistant Principal at Unionville High School as of March 2018, and was moved there approximately one (1) year after the events complained of herein, and can currently be served with process at his current place of employment located at Unionville High School, 750 Unionville Road, Kennett Square, PA 19348, ), and at any and all times relevant received federal assistance for the public educational services and activities which Defendant Silva provided to students such as minor Plaintiff J.B., and/or is a "person" under 42 U.S.C. § 1983 et. seq.

10.      Defendant Alisa Herman-Liu was, at any and all times relevant, acting under the color of state law as the nurse at Defendant Penncrest High School, and was acting under color of state law in the performance of her duties to secure adequate medical attention for the high school students within her care (such as minor Plaintiff J.B. herein).  Defendant Alisa Herman-Liu can be served with process at her place of employment located at 134 Barren Road, Media, PA 19063, and/or is a "person" under 42 U.S.C. § 1983 et. seq.

11.      Defendants John and Jane Doe (1) are adult individuals and at any and all times relevant were residents of Media, PA, and can currently be served with process at the office of criminal defense counsel Gabrielle Goham, Esquire, at Raffaele Puppio, 19 W. Third Street, Media, PA 19063.  At any and all times relevant, Defendants John and Jane Doe (1) were and are the parents and legal guardians of minor Defendant J.H., *infra,* and are thereby responsible for any and all personal injuries inflicted by said minor upon minor Plaintiff J.B., as more fully set forth at length herein.

12.      Minor Defendant J.H. is the minor son of Defendants John and Jane Doe (1), and as of the date of this filing, is approximately seventeen (17) years old, and at any and all times relevant was a resident of Media, PA, and can currently be served with process at the office of criminal defense counsel Gabrielle Goham, Esquire, at Raffaele Puppio, 19 W. Third Street, Media, PA 19063.

13.     Defendants C.M., and John Doe (2) are adult individuals and at any and all times relevant resided at 11 Northgate Village, Media, PA 19063-2040.  At any and all times relevant, Defendants C.M., and John Doe (2) were and are the parents and legal guardians of minor Defendant A.H., *infra,* and are thereby responsible for any and all personal injuries inflicted by said minor upon minor Plaintiff J.B., as more fully set forth at length herein.

14.     Minor Defendant A.H. is the minor son of Defendants C.M., and John Doe (2), and as of the date of this filing, is approximately seventeen (17) years old, and at any and all times relevant resided at 11 Northgate Village, Media, PA 19063-2040.

15.     Minor Defendant J.H. and minor Defendant A.H. shall be collectively referred to herein as the "Minor Defendants" and Defendants Borough, Board, RTMSD, and Penncrest as the "Municipal Defendants."

## **Factual Allegations**

16.     Averments 1 through 15, *supra*, are incorporated herein as though fully set forth herein at length.

17.     On March 1, 2017, as set forth in the video attached hereto and incorporated herein as Exhibit A[1] (and originally recorded by minor Defendant A.H. herein, and publicly disseminated by said Defendant thereafter), minor Plaintiff J.B. was eating his lunch of a hamburger and French fries in the cafeteria of Defendant Penncrest High School, when minor Plaintiff J.B. was approached by minor Defendant J.H.

18.     Due to the severe nature of the traumatic brain injuries that were savagely inflicted upon minor Plaintiff J.B. as set forth *infra*, said Plaintiff cannot recall what minor Defendant J.H. said to get said Plaintiff's attention, but as set forth in said video, the conversation was undoubtedly a preconceived ruse, designed to inflict severe violence upon minor Plaintiff J.B., as gruesomely set forth in Exhibit A, to wit:

    A.  at 0:07 seconds of Exhibit A, minor Defendant J.H. approaches and stands over minor Plaintiff J.B., who is seated at the cafeteria lunch table, eating his lunch;

    B.  at 0:10 seconds of Exhibit A, minor Defendant J.H. leans over minor Plaintiff J.B., and begins to speak to him;

    C.  at 0:13 seconds of Exhibit A, minor Defendant J.H. presumably asks about minor Plaintiff J.B.'s lunch, because at 0:14 seconds minor  Plaintiff J.B. shows minor Defendant J.H. the food in his hand, and at 0:15 seconds minor  Plaintiff J.B. returns his head from minor Defendant J.H. towardthe food on his plate;

---

[1] The video in question cannot be uploaded to the Court's ECF filing system, but will be made available for the Court's convenience, and that of all counsel hereto, upon request.

D.  at 0:15 seconds of <u>Exhibit A</u>, minor Defendant J.H. takes advantage of minor Plaintiff J.B.'s momentary distraction, grabs minor Plaintiff J.B. by the neck and/or back of the head, and slams minor Plaintiff J.B.'s face into his lunch on the table;

E.  at 0:16 seconds of <u>Exhibit A</u>, minor Plaintiff J.B. lifts his face from his food on the table, and turns to look up at minor Defendant J.H., who has just assaulted and humiliated said Plaintiff, at the cafeteria lunch table;

F.  at 0:16 seconds of <u>Exhibit A</u>, minor Defendant J.H. takes advantage of Plaintiff's bewilderment and specifically called minor Plaintiff's name to get his attention, whereupon leaning in with all of his body weight, minor Defendant J.H.  hammered a savage punch upon the minor Plaintiff's face, with such force that you can hear the bones in the minor Plaintiff's nose and maxillofacial structure shatter upon such a brutal impact; and,

G.  at 0:18 seconds of <u>Exhibit A</u>, minor Defendant A.H. (who willingly shot the video at the explicit request of minor Defendant J.H., and was therefore a willing participant in this savage assault upon minor Plaintiff J.B.) can be heard saying "Oh my…" when the video cuts off at 0:19 seconds.

*See* <u>Exhibit A</u>.

19.     Minor Plaintiff J.B. shortly thereafter texted his mother, Plaintiff K.B. herein, and informed her of what happened, and that he needed to go to the hospital.

20.     Minor Plaintiff J.B. then grabbed a handful of napkins to stem the bleeding from his nose, and informed the teacher supervising the cafeteria of what happened, who was very dismissive of the severity of the assault, and suggested to the Plaintiff that he walk to Defendant Alisa Herman-Liu's office (the school nurse) on his own accord.

21.     The assault upon minor Plaintiff J.B. caused an immediate traumatic brain injury, and due to the concussive blow upon the minor Plaintiff's brain, said Plaintiff immediately began to suffer severe vertigo and took quite a bit of time to walk to the school nurse, Defendant Alisa Herman-Liu's office, on his own, as he was left unassisted by the supervising teacher or any other staff member of Defendant Penncrest High School, in his attempt to reach Defendant Alisa Herman-Liu.

22.     Upon arrival at Defendant Alisa Herman-Liu's office, Defendant Alisa Herman-Liu insisted that minor Plaintiff J.B. had only suffered a nose bleed, and upon Defendant Steven Silva's arrival at Defendant Alisa Herman-Liu's office, Defendant Alisa Herman-Liu and/or Defendant Silva wrongly proclaimed that it was not necessary to take the minor Plaintiff for further medical treatment at a hospital, despite the explicit request therefor by the minor Plaintiff and/or his parents for the same.

23.     Because Defendant Silva and Defendant Alisa Herman-Liu refused to call for an ambulance, Plaintiff K.B. was forced to collect minor Plaintiff J.B. from Defendant Penncrest High School.

24.     Upon information and belief, Defendant Silva and/or Defendant Alisa Herman-Liu then compounded the damage upon minor Plaintiff's brain, by misinforming Plaintiff K.B. that minor Plaintiff J.B. merely suffered a bloody nose as a consequence of the aforementioned attack, and/or by failing to send him to a hospital for medical treatment.

25.     Upon information and belief, by March 1, 2017, Defendant Silva and/or Defendant Borough and/or Defendant Board and/or Defendant RTMSD and/or Defendant Penncrest and/or Defendants John and Jane Doe (1) (parents of minor Defendant J.H.) knew or should have known that minor Defendant J.H. had been previously prosecuted in juvenile court, and/or adjudicated delinquent, and/or placed under a consent decree for *inter alia* assault and/or battery and/or had previously attempted to set a fire to the school science lab, and/or otherwise posed a risk to the physical safety of other children such as minor Plaintiff J.B. herein.

26.     Upon information and belief, by March 1, 2017, Defendant Silva and/or Defendant Borough and/or Defendant Board and/or Defendant RTMSD and/or Defendant Penncrest and/or Defendants John and Jane Doe (1) (parents of minor Defendant J.H.) knew or should have known that Defendant J.H. had a propensity for violence and destruction, given *inter alia* the aforementioned juvenile contacts with the criminal system, and/or given minor Defendant J.H.'s prior destruction (or attempt thereof) of the science lab at Penncrest, and/or minor Defendant J.H.'s history of drug abuse.

27.     Plaintiff D.B., upon observing his son's condition at home the afternoon and/or evening of March 1, 2017, then rushed minor Plaintiff J.B. to DuPont Hospital for Children, in Wilmington, DE.

28.     As a consequence of the aforementioned attack, minor Plaintiff J.B. suffered *inter alia* permanent brain damage, diffuse axonal injury to the brain, axonal shearing to the brain, cervical myelopathy, a hematoma, a severe concussion, a deviated septum, at least six (6) separate fractures of his left orbital floor (and the concomitant, permanent physical disfigurement of his face, arising therefrom), amblyopia (a/k/a lazy eye), ocular hypertension, orbital emphysema, a shattered nose and/or left maxillofacial structure, a collapsed naval cavity, neurological disorders including but not limited to a strep infection upon his spinal cord (otherwise known as Pediatric Autoimmune Neuropsychiatric Disorders Associated with Streptococcal Infections - PANDAS), severe headaches, double vision and other ocular disorders including but not limited to an inability to read, severe tinnitus, regular and cyclical bouts of fainting, vertigo, loss of consciousness, loss of vision, convulsing arms and/or legs, radiculopathy, claustrophobia, anxiety attacks, personality compulsions and obsessions, depression, fatigue, headaches, balance problems, and/or speech difficulties.

29.     In the immediate aftermath of the aforementioned attack, minor Plaintiff J.B. was bedridden for at least six (6) weeks.

30.     In the immediate aftermath of the aforementioned attack, while minor Plaintiff J.B. was suffering in Defendant Alisa Herman-Liu's office, upon information and belief, minor Defendant J.H. was found by the staff of Defendant Penncrest and/or Defendant Silva in the cafeteria, where he casually resumed eating his lunch, with minor Defendant A.H., as though their savage attack upon minor Plaintiff J.B. had never even occurred just moments beforehand.

31.     Upon information and belief, minor Defendants J.H. and A.H. knew that minor Plaintiff J.B. suffered from Autism and/or Asperger's Syndrome, and planned, executed and videotaped their attack on him precisely because minor Plaintiff J.B. is handicapped by these conditions.

32.     Upon information and belief, Defendants Borough, Board, RTMSD, Penncrest, Silva, and Alisa Herman-Liu knew that minor Plaintiff J.B. suffered from Autism and/or Asperger's Syndrome, and failed to accordingly insure due accommodations for said Plaintiff, including but not limited to enacting substantive and procedural safeguards for insuring said minor Plaintiff's safety and well-being, from the foreseeable, savage acts of minor Defendants J.H. and A.H.

33.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Alisa Herman-Liu's actions and/or inactions on the day of the assault were not objectively reasonable by any standard, let alone that of a reasonable faculty member on the scene, entrusted with the care of a handicapped student in their care, such as the minor Plaintiff herein.

34.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Alisa Herman-Liu individually and collectively, knew that they had an affirmative duty to intervene, prevent and/or stop the violation of a handicapped student's civil rights (such as those of minor Plaintiff J.B. herein) by another student such as minor Defendants A.H. and J.H., with his particular history of violent and/or drug addled behavior, about which Defendants Borough, Board, RTMSD, Penncrest, and/or Silva had advanced knowledge before the attack, and/or they should have had advanced knowledge before the attack, including but not limited to minor Defendant J.H.'s attempt to set fire to a school science lab.

35.     After minor Plaintiff J.B. was attacked, none of the Defendants facilitated any medical care to the minor Plaintiff whatsoever, including the failure to even attempt to obtain the services of a medical professional to examine said minor Plaintiff to ascertain the extent of his injuries, or the aggravation of pre-existing medical conditions, as a result of being attacked by minor Defendants J.H. and A.H.

36.     Minor Plaintiff J.B. did not engage in any conduct which could in any way justify any Defendants' action (or inaction, as the case may be, as aforementioned).

37.     The attack upon minor Plaintiff J.B. was an unnecessary injury due to the unwarranted, unnecessary and savage force employed by minor Defendant J.H., and/or the failure of the other Defendants to prevent the same.

38.     As a direct and proximate result of Defendants' actions (or inactions, as aforementioned), the minor Plaintiff herein suffered *inter alia* permanent brain damage, diffuse axonal injury to the brain, axonal shearing to the brain, cervical myelopathy, a hematoma, a severe concussion, a

deviated septum, at least six (6) separate fractures of his left orbital floor (and the concomitant, permanent physical disfigurement of his face, arising therefrom), amblyopia (a/k/a lazy eye), ocular hypertension, orbital emphysema, a shattered nose and/or left maxillofacial structure, a collapsed naval cavity, neurological disorders including but not limited to a strep infection upon his spinal cord (otherwise known as Pediatric Autoimmune Neuropsychiatric Disorders Associated with Streptococcal Infections - PANDAS), severe headaches, double vision and other ocular disorders including but not limited to an inability to read, severe tinnitus, regular and cyclical bouts of fainting, vertigo, loss of consciousness, loss of vision, convulsing arms and/or legs, radiculopathy, claustrophobia, anxiety attacks, personality compulsions and obsessions, depression, fatigue, headaches, balance problems, and/or speech difficulties.

39.     The attack upon against minor Plaintiff J.B., the resulting humiliation, the excessive force used against him, and the permanent damage inflicted upon him, are a consequence of the Defendants' failure to intervene and/or protect minor Plaintiff J.B. from exposure to minor Defendant J.H.'s known and established propensity for criminal behavior and/or violence, and that failure to intervene and/or protect was so wanton, reckless, and careless, as to warrant punitive damages.

40.     The Minor Defendants conspired to inflict harm on minor Plaintiff J.B., in so far as minor Defendant J.H. requested in advance of the attack that minor Defendant A.H. record a video of the same.  *See* Exhibit A.

41.     The failure of Defendants Borough, Board, RTMSD, Penncrest, Silva, Alisa Herman-Liu and/or the minor Defendants' parents – Defendants John and Jane Doe (1), and Defendants C.M. and John Doe (2) herein – to isolate the Minor Defendants' propensity for violence and/or criminal behavior inured to the deprivation of minor Plaintiff J.B.'s physical safety and his constitutional and civil rights, and/or they were deliberately indifferent as to the obvious consequences of failing to prevent the harm which subsequently befell minor Plaintiff J.B.

42.     Defendants Borough, Board, RTMSD, Penncrest, Silva and Alisa Herman-Liu were improperly trained and/or supervised by the respective Municipal Defendants herein and their agents as to *when* it is appropriate to intervene and/or protect handicapped students such as minor Plaintiff herein from the violent propensities of other children, particularly with regard to the policies, practices, customs and/or procedures articulated in the policy and procedure manuals of Defendants Board, RTMSD, and/or Penncrest.

43.     Defendants Penncrest, Silva and Alisa Herman-Liu were improperly trained and/or supervised by Defendants Borough, Board, and RTMSD and their agents as to *how* and *when* to provide a safe educational environment for handicapped students like Plaintiff J.B., particularly with regard to the policies, practices, customs and/or procedures articulated in the policy and procedure manuals of Defendants Borough, Board, RTMSD, and/or Penncrest, and Defendants Silva and Alisa Herman-Liu, in particular, were improperly trained and/or supervised as to *how* and *when* to have a student referred for medical attention.

44.     The aforementioned actions, inactions and/or conduct of the Defendants Borough, Board, RTMSD, and/or Penncrest, and/or the aforementioned conduct of their employees and agents,

such as Defendants Silva and Alisa Herman-Liu, were a factual cause of the harm and damages sustained by the minor Plaintiff J.B.

45.     The aforementioned actions, inactions and/or conduct of the Defendants Borough, Board, RTMSD, and/or Penncrest, and/or the aforementioned conduct of their employees and agents, such as Defendants Silva and Alisa Herman-Liu, were a direct and proximate cause of the harm and damages sustained by the minor Plaintiff J.B.

46.     The aforementioned acts and conduct of the Defendants, and/or the aforementioned conduct of their employees and agents, were a factual cause of and the direct and proximate cause of at least the following harm and damages sustained by Plaintiff:

      A.     Injuries, dysfunctions, impairments, serious impairments of the body or bodily functions, and pain and trauma to various parts of the body and psyche, some or all of which are permanent, including:

- permanent brain damage, diffuse axonal injury to the brain, axonal shearing to the brain, cervical myelopathy, a hematoma, a severe concussion, a deviated septum, at least six (6) separate fractures of his left orbital floor (and the concomitant, permanent physical disfigurement of his face, arising therefrom), amblyopia (a/k/a lazy eye), ocular hypertension, orbital emphysema, a shattered nose and/or left maxillofacial structure, a collapsed naval cavity, neurological disorders including but not limited to a strep infection upon his spinal cord (otherwise known as Pediatric Autoimmune Neuropsychiatric Disorders Associated with Streptococcal Infections - PANDAS), severe headaches, double vision and other ocular disorders including but not limited to an inability to read, severe tinnitus, regular and cyclical bouts of fainting, vertigo, loss of consciousness, loss of vision, convulsing arms and/or legs, radiculopathy, claustrophobia, anxiety attacks, personality compulsions and obsessions, depression, fatigue, headaches, balance problems, and/or speech difficulties;

- Emotional injuries, trauma and distress;

- Pain and suffering;

- Emotional distress;

- Mental anguish and distress;
- Humiliation and embarrassment; and,

- Other injuries, the full extent of which is not yet known;

      B.     Medical expenses of minor Plaintiff J.B. related to or caused by this occurrence from the date of injury to the date of the trial of this case;

C.      Medical expenses of minor Plaintiff J.B. related to or caused by this occurrence that Plaintiffs will incur after the trial of this case until minor Plaintiff J.B.'s death;

D.      Pain and suffering that minor Plaintiff J.B. has endured from the date of the injury to the date of the trial of this case;

E.      Pain and suffering that minor Plaintiff J.B. will endure from the date of the trial until the date of minor Plaintiff J.B.'s death;

F.      Embarrassment and humiliation that minor Plaintiff J.B. has endured from the date of the injury to the date of the trial of this case;

G.      Embarrassment and humiliation that minor Plaintiff J.B. will endure from the date of the trial of this case until the date of minor Plaintiff J.B.'s death;

H.      Loss of the ability to enjoy the pleasures of life that minor Plaintiff J.B. has endured from the date of the injury to the date of the trial of this case;

I.      Loss of the ability to enjoy the pleasures of life that minor Plaintiff J.B. will endure from the date of the trial of this case until the date of minor Plaintiff J.B.'s death;

J.      Attorney's Fees;

K.      Incidental Costs; and

L.      Loss of Liberty.

47.    The Defendants actions (and/or inactions) were willful and outrageous in that their motives and conduct as set forth above were malicious, wanton, reckless, oppressive, and/or so egregious as to shock contemporary conscience. *See* <u>Exhibit A</u>.

48.    The Defendants received actual and/or constructive notice of minor Plaintiffs' claim against them when Defendant Silva first personally observed the minor Plaintiff in Defendant Alisa Herman-Liu's office, as aforementioned; when Defendant Alisa Herman-Liu  wrote up an incident report concerning minor Plaintiff J.B.'s condition upon his arrival at her office, as aforementioned; when any written incident report was prepared on or near the date of the aforementioned attack, by any agent of any Defendant herein; when any one of the Defendants was contacted by the District Attorney's Office of Delaware County and/or Karen Keller, Esq. concerning the aforementioned attack, via oral and/or written communication; when any one of the Defendants was contacted by criminal defense counsel for minor Defendant J.H., including but not limited to attorney, Gabrielle C. Goham, Esq., via oral and/or written communication; when any one of the Defendants was contacted by Pa. State Trooper Investigator Magee, Badge #12558, via oral and/or written communication; and/or when any one of the Defendants was contacted by undersigned counsel for the Plaintiffs, via oral and/or written communication.

49.     Because of the aforementioned attack upon minor Plaintiff J.B., minor Defendant J.H. was prosecuted in the Juvenile Court of the Delaware County Court of Common Pleas and was either adjudicated delinquent and/or was subject to a consent decree and/or a diversionary probation period, upon information and belief at Docket No. CP-23-JV-0000352-2017.

50.     Upon information and belief, minor Defendant J.H. completed the terms of any adjudication and/or consent decree and/or diversionary probation period, and said minor Defendant J.H. and/or Defendants John and Jane Doe (1) may have moved to Florida to escape any future collection enforcement mechanisms that may arise from any civil judgment in this instant litigation.

51.     Defendants Borough, Board, RTMSD, Penncrest, Silva and/or Herman-Liu discriminated against minor Plaintiff J.B. because each knew or should have known, individually and/or collectively, that he was being denied the equal protection of other students at Defendant Penncrest, as they knew or should have known about the likelihood of minor Defendants taking advantage of those disabilities for their sadistic, violent pleasure, and failed to enact any measures whatsoever to prevent the same.

52.     Defendants Borough, Board, RTMSD, Penncrest, Silva and/or Herman-Liu failed to take corrective measures to protect minor Plaintiff J.B.'s physical safety, and/or secure a safe, non-hostile school environment to which minor Plaintiff J.B. was otherwise entitled.

53.     The aforementioned attack in the cafeteria wrought upon minor Plaintiff J.B. severe cognitive, ophthalmic, and other physical and/or emotional and/or psychiatric deficits under which he now suffers as a consequence of the attack; an absence from school from the date of the attack through the summertime; and the inconvenience of a transfer to Chester Charter School for the Arts and the requisite acclimations thereto, due to the unsafe environment at Defendant Penncrest.

54.     By failing to secure a safe schooling environment for minor Plaintiff J.B., Defendants Borough, Board, RTMSD, Penncrest, Silva and/or Herman-Liu instead allowed a hostile school environment to prevail, culminating in the severe brain damage, and other injuries, that were inflicted upon the minor Plaintiff, as aforementioned.

55.     The Defendants' failure to provide a safe learning environment for the disabled minor Plaintiff J.B. herein, and/or the specific failure to protect him from the discriminatory and/or violent ire of minor Plaintiff J.H., could not be subsequently remedied through any subsequent, administrative review process, because any such administrative remedies are effectively ex post facto and, in any event, could do absolutely nothing to ameliorate, among other things, the traumatic brain injury which currently and/or permanently impedes the minor Plaintiff's ability to function; in other words, the Defendants failed to have an operative and adequate policy, practice or custom that would protect disabled students like minor Plaintiff J.B.

56.     Accordingly, Plaintiffs hereby assert the following causes of action against Defendants herein, *supra,* and request *inter alia* compensatory damages, punitive damages where appropriate, attorney's fees, court costs and costs of suit, and system-wide reforms in the

Defendants Borough, Board, RTMSD, Penncrest, and/or Silva's educational operations such that students with disabilities like the minor Plaintiff herein are protected from further discrimination, harassment, and violence, particularly where – as here – it could have been prevented.

57.     Plaintiffs seek injunctive relief to have Defendants Borough, Board, RTMSD, Penncrest, and/or Silva adopt and implement a new written education plan and policy to (1) provide legally mandated protections and/or services for the physical well being of all of its students, including but not limited to disabled students such as minor Plaintiff herein; and (2) to particularly do so in circumstances where, as here, the propensities for violence of students such as minor Defendant J.H. are known (or reasonably could be known) beforehand.

58.     Despite their knowledge of the threat posed by minor Defendant J.H., Defendants Borough, Board, RTMSD, Penncrest, and/or Silva adopted a policy, practice or custom in which they would not, and in fact did not, timely and completely identify and/or isolate such a threat, to the physical and emotional detriment of a student such as the disabled minor Plaintiff herein.

59.     Defendants Borough, Board, RTMSD, Penncrest, and/or Silva have been and continue to be aware that parents and students, like Plaintiffs herein, need timely and complete identification and/or isolation of threats to the physical and emotional safety of students such as the disabled minor Plaintiff herein.

60.     Instead, Defendants Borough, Board, RTMSD, Penncrest, and/or Silva adopted a policy, practice or custom which ineffectively provided adequate protections and which they knew (or should have known) did not fulfill their obligations to, and/or failed to meet the needs of, Plaintiffs herein, and other similarly situated individuals and families.

61.     In the alternative, Defendants Borough, Board, RTMSD, Penncrest, and/or Silva failed to adopt a policy, practice or custom which provided such adequate protections to fulfill their obligations to, and/or meet the needs of, Plaintiffs herein, and other similarly situated individuals and families.

## COUNT I
### TITLES II and III OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12131 et. seq. (TITLE II)
### 42 U.S.C. § 12181 et. seq. (TITLE III)
### PLAINTIFFS V. DEFENDANTS BOROUGH, BOARD,
### <u>RTMSD, PENNCREST, SILVA AND HERMAN-LIU</u>

62.     Plaintiffs hereby incorporate averments 1 through 61 as though fully set forth herein at length.

63.     The Americans with Disabilities Act was created "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1).

64.     Minor Plaintiff J.B. was at all material times a qualified individual with disabilities within the meaning of 42 U.S.C. §12102, *et seq.*, as he suffered from and continues to suffer from Autism and Asperger's Syndrome.

65.     Plaintiffs' claims under Title II and Title III of the A.D.A. do not require exhaustion of administrative remedies prior to litigation.


TITLE II - 42 U.S.C. § 12131 et. seq.

66.     Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." *See* 42 U.S.C. § 12132.

67.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Herman-Liu are each, individually and/or collectively, a public entity (or agent thereof) which provides public education services, programs, and activities, pursuant to 42 U.S.C. § 12132.

68.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Herman-Liu were aware of minor Plaintiff J.B.'s disabilities, and Plaintiffs provided said Defendants with oral and/or written notice of his Autism and Asperger's Syndrome disabilities, while minor Plaintiff J.B. was attending Defendant Penncrest.

69.     Minor Plaintiff J.B. is a qualified individual with a disability in that he suffers from various cognitive, communicative, and/or developmental disabilities, including but not limited to Autism and Asperger's Syndrome. Minor Plaintiff J.B.'s disabilities place significant limitations on his ability to access his education, and to access it safely and free from violence.

70.     Title II of the A.D.A. provides that persons with disabilities, such as minor Plaintiff J.B., shall be afforded meaningful access to the programs and activities of public entities.

71.     Instead, minor Plaintiff J.B. endured a savage assault, at the hands of the Minor Defendants on the basis of his disabilities, while in school during regular school hours, as aforementioned.  *See* Exhibit A.

72.     Upon information and belief, it was common knowledge that minor Plaintiff J.B. was a student with disabilities and the perpetrators of that savage assault (Minor Defendants herein) targeted him on that basis.

73.     Furthermore, school officials, namely Defendants Silva and Herman Liu, exploited minor Plaintiff J.B.'s known disabilities during their "investigation" of the assault when they attempted to convince minor Plaintiff J.B., and his mother Plaintiff K.B., that the consequences of that savage attack amounted to nothing more than a bloody nose, and one not warranting an ambulance or medical attention, when in fact the minor Plaintiff had just suffered a traumatic brain injury.

74.     Minor Plaintiff J.B.'s disabilities were exploited to such an extent that he was forced to miss the remainder of the school year, from March 2, 2017, until the next school year.

75.     The savage assault perpetrated on minor Plaintiff J.B. was so severe, pervasive, and objectively offensive, that it barred his access to an educational opportunity or benefit, for at least that period of time.

76.     The lack of proactive concern for minor Plaintiff J.B.'s physical safety was so severe, pervasive, and objectively offensive, that it barred his access to an educational opportunity or benefit, for at least that period of time.

77.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Herman-Liu, and the school officials under their control, had the authority and obligation to address the threat of severe assault and discrimination perpetrated against minor Plaintiff J.B. and to institute remedial and corrective measures so as to preserve minor Plaintiff J.B.'s access to his education

78.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Herman-Liu, and the school officials under their control, had the authority and obligation to address the actual, severe assault and discrimination perpetrated against minor Plaintiff J.B. and to institute remedial and corrective measures so as to preserve minor Plaintiff J.B.'s access to his education

79.     Rather than protect minor Plaintiff J.B., Defendants Borough, Board, RTMSD, Penncrest, Silva, and Herman-Liu, and school officials' unreasonable acts and/or omissions in both their response to the danger presented by the minor Defendants, and the assault itself, barred minor Plaintiff J.B. from equal access to an educational opportunity or benefit.

80.     The acts and/or omissions described *supra* by school officials and Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu violated minor Plaintiff J.B.'s right to be free from harassment, discrimination, and violence within his school.

81.     With actual knowledge of the violent proclivities of at least one of the Minor Defendants, Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu and their agents evinced deliberate indifference to the prevention of, and/or their response to, the savage assault, thereby subjecting minor Plaintiff J.B. to an abusive and inaccessible educational environment.

82.     The severe harassment, discrimination and/or violence suffered by minor Plaintiff J.B. and the school officials' deliberate indifference to such harassment, discrimination and/or violence, further exacerbated his disabilities and impeded minor Plaintiff J.B.'s ability to access his education.

83.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Herman-Liu and school officials under their control exhibited deliberate indifference in that their response to the discrimination and/or violence against minor Plaintiff J.B. was clearly unreasonable in light of the known circumstances, both before and/or in the immediate aftermath of the assault.

84.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Herman-Liu discriminated against minor Plaintiff J.B. on the basis of his disability in violation of Title II of the Americans with Disabilities Act, 42. U.S.C. §12132, and is therefore liable for the injuries and damages described as aforementioned, at length.

85.     As a result of Defendants' violation of Title II of the Americans with Disabilities Act, minor Plaintiff J.B. suffered physical, emotional, and psychological damages in an amount to be determined at trial.

<u>TITLE III - 42 U.S.C. § 12131 et. seq.</u>

86.     Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." *See* 42 U.S.C. §12182(a).

87.     Defendant Penncrest High School is "a place of public accommodation" pursuant to 42 U.S.C. §12181(7)(J).

88.     Defendants Borough, Board, RTMSD, Penncrest, Silva, and Herman-Liu were aware of minor Plaintiff J.B.'s disabilities, and Plaintiffs provided said Defendants with notice of his Autism and Asperger's Syndrome disabilities, while minor Plaintiff J.B. was attending Defendant Penncrest.

89.     Under Title III of the A.D.A., Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu must make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals …" *See* 42 U.S.C. §12182(b)(2)(A)(ii).

90.     Under Title III of the A.D.A., Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu had and have a duty to ensure that minor Plaintiff J.B. was and is treated as any non-disabled student.

91.     Minor Plaintiff J.B.'s disabilities continue to have material effects on his ability to perform major life activities, so it was of the utmost importance that armed with that knowledge of such disability that said Defendants properly assess and address the multiple instances of advanced knowledge concerning the Minor Defendants proclivities for violence, isolating their actual misconduct and its chances of replication, and/or responding to the actual violence as they would for any non-disabled student, which did not occur either before or after the savage assault inflicted upon minor Plaintiff J.B.

92.     Despite having actual knowledge that minor Plaintiff J.B. was disabled, said Defendants denied his clear need for help, assistance, and/or protection in the educational environment of Penncrest High School, while offering non-disabled students the full protections afforded under

state and federal laws as well as the Defendants' policies and procedures once this misconduct was reported.

93.    Upon information and belief, more interest was paid to the protections afforded Minor Defendants under state and federal laws, and the Defendants' policies and procedures, than was paid to the same interests of minor Plaintiff J.B.

94.    Minor Plaintiff J.B., rather than being protected, was instead dismissed and ignored, with his report of injury remaining inappropriately addressed or investigated, both in the immediate aftermath of the attack, and in the subsequent days, weeks, and months thereafter.

95.    Minor Plaintiff J.B. was made to endure the disability-based hostility of both students and staff alike, with his specific diagnoses being shared amongst Defendants' faculty and staff members, and student populations.

96.    Defendants failed to make reasonable accommodations for Minor Plaintiff J.B., which caused his disabilities to not only became worse, but wrought devastating and/or permanent changes in his brain function, cognitive function, ability to see, and his physical appearance.

97.    As a result of Defendants' failure to comply with the A.D.A., the savage attack wrought upon Minor Plaintiff J.B. resulted in Plaintiff missing classes due to his injuries.

98.    Once placed on notice of both minor Plaintiff J.B.'s disabilities and/or the Minor Defendants proclivities for violence, rather than make reasonable accommodation under the A.D.A., the Defendants' response was non-existent at best, or provided an opportunity for the savage, disability based attack that was wrought upon minor Plaintiff J.B., at worst.

99.    Defendants had a duty to protect minor Plaintiff J.B. from harassment, assault, battery, and disability discrimination suffered at the hands of its students and employees, and to comply with the A.D.A.

100.    Defendants' actions and omissions, however, were based upon and in complete disregard of minor Plaintiff J.B.'s status as a disabled individual and in clear violation of the Americans with Disabilities Act.

101.    Therefore, Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu are liable for the damages caused minor Plaintiff J.B. due to their violations of federal law.

102.    As a direct, material, proximate and foreseeable result of Defendants' actions and inactions, Plaintiffs have suffered past and future pecuniary losses, including loss of employment, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other non-pecuniary losses and intangible injuries.

103.    As a direct, material, proximate and foreseeable result of Defendants'

actions and inactions, Plaintiffs will suffer (and minor Plaintiff J.B., in particular) further medical treatments and interventions, including but not limited to further surgical procedures, to attempt to remedy the injuries inflicted upon them, as aforementioned.

WHEREFORE, Plaintiffs respectfully request judgment in their favor, and against Defendants herein, in an amount in excess of Five Million Dollars ($5,000,000), together with punitive damages where appropriate, attorney's fees, costs and interest.

## COUNT II
## SECTION 504 OF THE REHABILITATION ACT
## PLAINTIFFS V. DEFENDANTS BOROUGH, BOARD,
## RTMSD, PENNCREST, SILVA AND HERMAN-LIU

104.   Plaintiffs hereby incorporate averments 1 through 103 as though fully set forth herein at length.

105.   Section 504 of the Rehabilitation Act requires recipients of federal funding to provide an appropriate education to all qualified handicapped persons who are in the recipient's jurisdiction, regardless of the nature or severity of the person's handicap.

106.   Section 504 provides that "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."

107.   Minor Plaintiff J.B. is a qualified handicapped person as defined in Section 504 of the Rehabilitation Act.

108.   Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu are a recipient of federal financial assistance, including federal assistance provided to public schools under its purview, special education, and Section 504 programs.

109.   Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu have a duty to provide disabled students with a safe, accessible, non-discriminatory and productive school environment.

110.   Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu and the school officials under their control had the authority and obligation to address the severe harassment, discrimination and/or violence perpetrated against minor Plaintiff J.B.to ensure that he would not be excluded from participating in or be denied the benefits of an education.

111.   Rather than protect these rights, said Defendants and their agents callously and unreasonably ignored their legal obligations both before, and after, the savage assault,

deliberately and purposefully depriving minor Plaintiff J.B. of participating in and benefiting from an education, and thereby wantonly and recklessly re-victimizing him.

112.    Said Defendants discriminated against minor Plaintiff J.B. on the basis of his disability in violation of Section 504 of the Rehabilitation Act.

113.    As a result of Defendants' violation of Section 504 of the Rehabilitation Act, minor Plaintiff J.B. suffered physical, emotional, and psychological damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully request judgment in their favor, and against Defendants herein, in an amount in excess of Five Million Dollars ($5,000,000), together with punitive damages where appropriate, attorney's fees, costs and interest.

## COUNT III
## TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
## 20 U.S.C. § 1681 et. seq.
## PLAINTIFFS V. DEFENDANTS BOROUGH, BOARD,
## RTMSD, PENNCREST, SILVA AND HERMAN-LIU

114.    Plaintiffs hereby incorporate averments 1 through 113 as though fully set forth herein at length.

115.    Title IX states that "(n)o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" *See* 20 U.S.C. § 1681.

116.    Upon information and belief, Defendants Borough, Board, RTMSD, Penncrest, Silva, and/or Herman-Liu would have provided better protections under Title IX to a mentally disabled child, like minor Plaintiff J.B., had he been a girl – both beforehand, in the prevention of the attack, and afterwards, by promptly escorting and securing medical attention once minor Plaintiff J.B. appeared in the nurse's office.

117.    Upon information and belief, the aforementioned attack, and the horrific injuries it wrought upon minor Plaintiff J.B., would not have happened but for the fact that said Plaintiff was a disabled boy, and that had he instead been a disabled girl, the Defendants would have been more concerned for his safety – both beforehand, in the prevention of the attack, and afterwards, by promptly escorting and securing medical attention once minor Plaintiff J.B. appeared in the nurse's office.

118.    Said Defendants therefore discriminated against minor Plaintiff J.B. on the basis of his sex, in violation of Title IX.

WHEREFORE, Plaintiffs respectfully request judgment in their favor, and against Defendants herein, in an amount in excess of Five Million Dollars ($5,000,000), together with punitive damages where appropriate, attorney's fees, costs and interest.

**COUNT IV**
**VIOLATION OF 42 U.S.C. §1983**
**PLAINTIFFS V. DEFENDANTS BOROUGH, BOARD,**
**RTMSD, PENNCREST, SILVA AND HERMAN-LIU**

119.    Plaintiffs hereby incorporate averments 1 through 118 as though fully set forth herein at length.

120.    Defendants' actions (and/or inactions) were undertaken as part of the execution of a custom, policy, and/or practice that violated minor Plaintiff J.B.'s civil rights, and/or are the consequence of the failure to train and/or supervise appropriately, particularly in light of the prior knowledge of specific incidents involving pre-existing events concerning both minor Plaintiff J.B.'s handicapped condition, and/or Defendant J.H.'s history of destructive, violent and/or drug-addled behavior.

121.    Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived minor Plaintiff J.B. of his rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including his right to bodily integrity and his right to be free from excessive force and his right to an education.

122.    Defendants' actions have violated, and unless enjoined will continue to violate, minor Plaintiff J.B.'s constitutionally protected rights of freedom of speech, substantive and procedural Due Process, and Equal Protection.

123.    On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to minor Plaintiff J.B. Defendants' actions as stated herein denied minor Plaintiff J.B. equal protection of the law in violation of the United States Constitution, the 1st Amendment, the 4th Amendment, the 5th Amendment, the 8th Amendment, the Due Process Clause of the 14th Amendment, the Equal Protection Clause of the 14th Amendment, the Substantive Due Process rights of the 14th Amendment, and/or 42 U.S.C. §1983.

124.    On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to minor Plaintiff J.B. Defendants' actions as stated herein denied Plaintiff's due process rights in violation of the United States Constitution, the 1st Amendment, the 4th Amendment, the 5th Amendment, the 8th Amendment, the Due Process Clause of the 14th Amendment, and/or 42 U.S.C. §1983.

125.    Defendants' actions (and/or inactions) were a factual cause of and/or directly and proximately caused minor Plaintiff J.B.'s substantial damages and harm, as aforementioned.

        WHEREFORE, Plaintiffs demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate them for injuries in excess of Five Million Dollars ($5,000,000.00) Dollars together with delay damages,

interest, costs and attorneys' fees, and punitive damages where appropriate, and a permanent injunction with the judicial oversight of a consent decree, to institute proper protections for disabled students like minor Plaintiff herein.

## COUNT V
## MONELL CLAIM UNDER 42 U.S.C. §1983
## PLAINTIFFS V. DEFENDANTS BOROUGH, BOARD,
## RTMSD, AND PENNCREST

126.    Plaintiffs hereby incorporate averments 1 through 125 as though fully set forth herein at length.

127.    Upon information and belief, Defendants had an officially adopted policy, practice or custom, which permitted the Minor Defendants to remain in Penncrest High School, despite their known history of destruction, drug abuse, and/or violence.

128.    Plaintiffs believe and therefore aver that the Municipal Defendants have adopted and maintained for many years recognized and accepted policies, customs, and/or practices of condoning and/or acquiescing in denying equal protection of the law, of condoning the risks of excessive force presented by students such as Minor Defendants herein, and of subjecting its students to the same type of treatment to which minor Plaintiff J.B. was subjected. Said policies, customs, and/or practices violate the 1st, 4th, 5th, 8th and 14th Amendments of the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania.

129.    Plaintiffs believe and therefore aver that the Municipal Defendants have adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, investigate, supervise, and discipline their employees, including the individual Defendants Silva and  Herman-Liu , regarding individuals' rights to equal protection and to be free from excessive force, which policies, customs, and/or practices violate the 1st, 4th, 5th, 8th and/or 14th Amendment of the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania, including but not limited to the failure to properly train and/or supervise Defendant Silva and  Herman-Liu herein, and all of their respective employees, concerning:

> a.    The risk of excessive force, and unlawful physical assault, from dangerous students such as Minor Defendants herein;

> b.    The proper exercise of powers to protect disabled students such as minor Plaintiff J.B.;

> c.    The Constitution of the United States of America, all amendments thereto and the laws enacted pursuant thereto, including but not limited to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof, and the limits they impose upon the exposure of disabled students like minor Plaintiff herein to physical violence;

    d.   Proper selection, training, and supervision of its agents, servants, workmen, or employees to assure the safety of the students like minor Plaintiff herein; and,

    e.   Such other acts and/or omissions constituting carelessness, recklessness and negligence as may become evident during the course of discovery or at the trial of this action.

130.    Plaintiffs believe and therefore aver that the Municipal Defendants have been deliberately indifferent to the rights of citizens to be given equal protection of the law and to not be subjected to violence, which deliberate indifference violates minor Plaintiff J.B.'s rights under the 1st, 4th, 5th, 8th and/or 14th Amendments to the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania.

131.    Plaintiffs believe and therefore aver that at all material times the Municipal Defendants knew or should have known of the above described policies, customs, and/or practices of their respective school departments, including the employees thereof, that engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like minor Plaintiff herein, and that they deliberately, knowingly, and intentionally failed to take measures to stop or limit the policies, customs, and/or practices and therefore acquiesced in, and were deliberately indifferent to the aforementioned unconstitutional conduct, policies, customs and/or practices.

132.    By failing to take actions to stop or limit the policies, customs, and/or practices, and by remaining deliberately indifferent to the systematic abuse which occurred in accordance with, and as a direct and proximate result of, the policies, customs, and/or practices, the Municipal Defendants condoned, acquiesced in, participated in, and perpetrated the policies, customs, and/or practices in violation of the minor Plaintiff's rights under the 1st, 4th, 5th, 8th and/or 14th Amendments to the Constitution of the United States and the laws of the United States and of the Commonwealth of Pennsylvania.

133.    Minor Plaintiff J.B. further claims that his injuries were directly caused by the deliberate indifference of the Municipal Defendants in failing to provide adequate training and/or supervision to school departments and officers thereof in the protection of disabled students, like himself.

134.    The conduct of the Municipal Defendants and/or the conduct of their employees or agents, was a factual cause of and/or the direct and proximate cause of the substantial damages and harm sustained by minor Plaintiff J.B., as aforementioned.

135.    Pursuant to Andrews v. City of Philadelphia, 895 F. 2d 1469, 1480 (3d Cir. 1990), policy is made when "a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict."

136.    In addition and/or in the alternative, the Municipal Defendants had a pervasive, long-standing policy, practice or custom that was not formally written or adopted, but had nonetheless been implemented and had the force of law.

137.    In addition and/or in the alternative, the Municipal Defendants failed to adequately train, supervise, discipline, and/or adequately screen not only the Minor Defendants herein, but also Defendants Silva and/or Herman-Liu and/or other personnel at Penncrest High School, to properly protect disabled boys like minor Plaintiff J.B.

138.    In addition and/or in the alternative, Defendant Silva and/or Herman-Liu's decision to refrain from obtaining medical attention for minor Plaintiff J.B. inures to the liability of the municipal defendants enumerated herein.

139.    The deliberate indifference of the Municipal Defendants, and Defendants Silva and/or Herman-Liu in particular, to the serious needs of minor Plaintiff J.B. (both beforehand, in the failure to prevent the attack, and certainly afterwards, in the failure to promptly obtain medical attention for the minor Plaintiff J.B.) were devastating violations of the boy's rights under the 4th, 5th, 8th and/or 14th Amendments to the Constitution of the United States, and the laws of the United States and of the Commonwealth of Pennsylvania, including his substantive due process rights, which left him with and/or contributed to a permanent brain injury, as aforementioned.

140.    When Defendant Silva and/or Herman-Liu proclaimed that there was no need for the minor Plaintiff to go to the hospital, such also served as the manifestation of a policy, practice, custom, proclamation, policy or edict for the purposes of Monell liability under Andrews, *supra*.

141.    Defendants' actions (and/or inactions) were a factual cause of and/or directly and proximately caused minor Plaintiff J.B.'s substantial damages and harm, as aforementioned.

142.    Defendants' and their agents, including but not limited to Defendants Silva and/or Herman-Liu, were aware of the Minor Defendants proclivities for violence and destruction, and/or minor Plaintiff's disabilities, and failed to take any precautions against the violation of said Plaintiff's constitutional rights including but not limited to substantive and procedural due process, and this failure led, at least in part, to the severe injuries inflicted upon the minor Plaintiff, as aforementioned.

WHEREFORE, Plaintiffs demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate them for injuries in excess of Five Million Dollars ($5,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages where appropriate.

### COUNT VI
### SUPPLEMENTAL STATE LAW CLAIM FOR BATTERY
### PLAINTIFFS V. MINOR DEFENDANTS, AND THEIR PARENTS,
### DEFENDANTS JOHN AND JANE DOE (1), AND C.M. AND JOHN DOE (2)

143.    Plaintiffs hereby incorporate averments 1 through 142 as though fully set forth herein at length.

144.    As set forth in Exhibit A, each of the minor Defendants explicitly participated in a savage, unprovoked, unwarranted, harmful and offensive attack upon minor Plaintiff J.B.

145.    Minor Plaintiff J.B. suffered devastating and extensive personal injuries as a direct and proximate cause of the attack inflicted by the Minor Defendants, as aforementioned.  *See* Exhibit A.

146.    As a consequence of that savage attack in Exhibit A, the Plaintiffs have suffered considerable out of pocket expenses for the minor Plaintiffs' medical care.

147.    As a consequence of that savage attack in Exhibit A, the Plaintiffs will incur tremendous costs in the future to treat the devastating damage wrought upon minor Plaintiff J.B.'s brain and maxillofacial structure.

148.    As a consequence of that savage attack in Exhibit A, minor Plaintiff J.B. will not earn the same income that he otherwise could have earned had his brain been left alone by the Minor Defendants.

149.    Minor Plaintiff J.B. cannot sue herein for assault, because the evil cunning of the Minor Defendants, who moved so quickly in their savage attack, insured that minor Plaintiff J.B. never saw it coming.  *See* Exhibit A.

150.    The parents of the Minor Defendants are co-Defendants herein, and are legally responsible for the torts committed by their children, the Minor Defendants herein, including but not limited to the satisfaction of any and all civil damages awarded herein.

        WHEREFORE, Plaintiffs demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate them for injuries in excess of Five Million Dollars ($5,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages where appropriate.

## COUNT VI
## SUPPLEMENTAL STATE LAW CLAIM FOR CIVIL CONSPIRACY
## PLAINTIFFS V. MINOR DEFENDANTS, AND THEIR PARENTS,
## DEFENDANTS JOHN AND JANE DOE (1), AND C.M. AND JOHN DOE (2)

151.    Plaintiffs hereby incorporate averments 1 through 150 as though fully set forth herein at length.

152     Plaintiffs believe and therefore aver that the Minor Defendants did intentionally conspire, that minor Defendant J.H. would unlawfully batter the minor Plaintiff J.B., while the minor Defendant A.H. would videotape the same, for their own unlawful, sadistic and cruel pleasure, both of which ultimately caused minor Plaintiff J.B. substantial damages and harm, as aforementioned.

153.     The Minor Defendants' civil conspiracy for their malicious, intentional, and/or reckless actions were a factual cause of and/or directly and proximately caused minor Plaintiff J.B.'s substantial damages and harm, as aforementioned.

154.     The above-described actions of the Minor Defendants were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

155.     The actions of the Minor Defendants therefore constitute civil conspiracy under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

156.     The parents of the Minor Defendants are co-Defendants herein, and are legally responsible for the torts committed by their children, the Minor Defendants herein, including but not limited to the satisfaction of any and all civil damages awarded herein.

        WHEREFORE, Plaintiffs demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate them for injuries in excess of Five Million Dollars ($5,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages where appropriate.

## COUNT VII
## SUPPLEMENTAL STATE LAW CLAIM FOR THE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFFS V. MINOR DEFENDANTS, AND THEIR PARENTS,
## DEFENDANTS JOHN AND JANE DOE (1), AND C.M. AND JOHN DOE (2)

157.     Plaintiffs hereby incorporate averments 1 through 156 as though fully set forth herein at length.

158.     The aforementioned actions of the Minor Defendants were intentional and reckless.

159.     The conduct of the Minor Defendants was extreme and outrageous.

160.     The conduct of the Minor Defendants caused severe emotional distress for the Plaintiffs.

161.     The emotional distress suffered by the Plaintiffs was of a severity warranting punitive damages.

162.     The parents of the Minor Defendants are co-Defendants herein, and are legally responsible for the torts committed by their children, the Minor Defendants herein, including but not limited to the satisfaction of any and all civil damages awarded herein.

        WHEREFORE, Plaintiffs demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate them for

injuries in excess of Five Million Dollars ($5,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages where appropriate.

**COUNT VIII**
**SUPPLEMENTAL STATE LAW CLAIM FOR THE**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFFS D.B.  AND K.B. V. MINOR DEFENDANTS, AND THEIR PARENTS,**
**DEFENDANTS JOHN AND JANE DOE (1), AND C.M. AND JOHN DOE (2)**

163.    Plaintiffs hereby incorporate averments 1 through 162 as though fully set forth herein at length.

164.    Plaintiffs D.B. and/or K.B. were nearby Penncrest High School when the aforementioned attack occurred.

165.    However, by virtue of the Minor Defendants sadistic interest in recording the attack as set forth in Exhibit A, Plaintiffs D.B. and/or K.B. were virtually, in every respect then and almost every day ever since, inside Penncrest High School when their son was savagely attacked by the Minor Defendants herein, and the existence of that video in Exhibit A serves to repeatedly return said Plaintiffs to the scene of the attack, on a daily and/or weekly and/or monthly or other periodic basis, as if they were standing there themselves, over and over and over again.

166.    This Honorable Court, any and all opposing counsel hereto, and any reasonable person, would surely appreciate the horrible emotional distress that Exhibit A wrought upon the Plaintiffs, upon witnessing the severe brain damage inflicted upon their son, the minor Plaintiff J.B. herein, and upon hearing the shattering of his maxillofacial structure.

167.    The parents of the Minor Defendants are co-Defendants herein, and are legally responsible for the torts committed by their children, the Minor Defendants herein, including but not limited to the satisfaction of any and all civil damages awarded herein.

        WHEREFORE, Plaintiffs demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate them for injuries in excess of Five Million Dollars ($5,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages where appropriate.

**COUNT IX**
**SUPPLEMENTAL STATE LAW CLAIM FOR**
**PREMISES LIABILITY**
**RESTATEMENT (SECOND) OF TORTS, § 342 and 343**
**PLAINTIFFS V. DEFENDANTS BOROUGH, BOARD,**
**RTMSD, AND PENNCREST**

168.    Plaintiffs hereby incorporate averments 1 through 167 as though fully set forth herein at length.

169.    Minor Plaintiff J.B. was a public invitee and/or licensee, and enjoyed the privilege to enter and remain inside the property known as Penncrest High School, by virtue of the consent of the possessors' thereof, Defendants herein.

170.    Said Defendants knew, or had reason to know, of the dangerous condition presented to licensees by the presence of Minor Defendants herein, and should have realized that said presence constituted an unreasonable risk of harm to a licensee or public invitee, such as minor Plaintiff J.B., who could not possibly have discovered or realized the danger presented by the Minor Defendants, as minor Plaintiff J.B. never saw that savage attack coming, as set forth in Exhibit A.

171.    Said Defendants failed to exercise reasonable care to make the condition safe, or to warn minor Plaintiff J.B. of the dangerous condition presented by the Minor Defendants and the risk involved by their presence.

172.    As set forth in Exhibit A, minor Plaintiff J.B. did not know and had no reason to know of the condition and risk involved by the presence of the Minor Defendants, as he never saw it coming.

WHEREFORE, Plaintiffs demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate them for injuries in excess of Five Million Dollars ($5,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages where appropriate.

## COUNT X
## SUPPLEMENTAL STATE LAW CLAIM FOR NEGLIGENCE
## PLAINTIFFS V. DEFENDANT PARENTS

173.    Plaintiffs hereby incorporate averments 1 through 172 as though fully set forth herein at length.

174.    Defendants John and Jane Doe (1), and C.M. and John Doe (2), are the parents of the Minor Defendants herein.

175.    Said Defendants had and have a duty of care to third parties, such as Plaintiffs herein, to monitor and police the behavior of their children, Minor Defendants herein, and to prevent them from harming third parties such as minor Plaintiff herein.

176.    Said Defendants breached that duty of care, and as a consequence of which and as set forth in Exhibit A, minor Plaintiff J.B. suffered severe, permanent brain damage, and other damages, as aforementioned.

177.    The failure of said Defendants to exercise their duty, and control the actions of their children, Minor Defendants herein, was the direct and proximate cause of the harm wrought upon minor Plaintiff J.B., as aforementioned.

178.    Minor Plaintiff J.B. suffered permanent brain damage as a consequence, in addition to all of the other aforementioned damages, including but not limited to past, present and future medical expenses, and future lost wages.

WHEREFORE, Plaintiffs demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate them for injuries in excess of Five Million Dollars ($5,000,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages where appropriate.

## DEMAND FOR JURY TRIAL

Trial by a jury of twelve (12) persons is demanded as to all issues.

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

J. CONOR CORCORAN
Attorney for Plaintiffs

Dated:  November 15, 2018

# EXHIBIT A

(The video of the attack cannot be uploaded to the Court's ECF filing system, but will be made

available for the Court's convenience, and that of all parties hereto, upon request.)

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **D.B. and K.B., h/w,** | : | |
| **individually and as parents of J.B.,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **J.B., a minor,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| | : | **No.** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **BOROUGH OF MEDIA, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

        I, J. Conor Corcoran, Esquire, hereby certify that a true and correct copy of the foregoing Complaint was sent to each of the Defendants in the above captioned matter by first class, United States mail.

                                Respectfully Submitted,


                                LAW OFFICE OF J. CONOR CORCORAN, P.C.


                                _____
                                J. CONOR CORCORAN
                                Attorney for Plaintiffs

Dated:  11/15/18